Defendant-appellant, Mark Vaughan, appeals from the judgment of the Union County Court of Common Pleas adjudicating him a sexual predator.
After initially entering a plea of not guilty to the charges against him, defendant later pleaded guilty to one count of rape, a violation of R.C. 2907.02(A) (1) (b). The other charges of rape, felonious sexual penetration, and gross sexual imposition alleged in the indictment were dismissed. Also, the trial court ordered the language regarding force included in the count of rape to which he pled to be deleted. The trial court sentenced defendant to an indefinite term of six to twenty-five years incarceration.
On February 1, 1999, a sexual predator determination hearing was held pursuant to R.C. 2950.09(C) (2). The trial court determined, by clear and convincing evidence, that defendant is a sexual predator.
Defendant now appeals the sexual predator determination and raises two assignments of error. For his first assignment of error, defendant asserts:
 The trial [court] erred in making the determination that defendant is a sexual predator for the reason that insufficient evidence was introduced to prove by clear and convincing evidence that defendant is likely to engage in the future in one or more sexually oriented offenses.
Defendant contends that the sexual predator determination was not supported by clear and convincing evidence because it was based only on the unsupported testimony of the prosecutor regarding defendant's conviction of a sexually oriented offense.
As defined in R.C. 2950.01(E), a "sexual predator" is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making its determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, all of the factors specified in R.C. 2950.09(B) (2). R.C. 2950.09(C) (2). The statutory criteria in R.C.2950.09(B) (2) (a) through (j) include: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the sexually oriented offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. The trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(C) (2).
At the sexual predator determination hearing, the offender and the prosecutor have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator. R.C.2950.09(B) (1). Thus, the testimony of the prosecutor is among the types of evidence that may be presented at the hearing. Additionally, it has been held that this statute does not require the presentation of expert testimony. See State v. Russell (Apr. 22, 1999), Cuyahoga App. No. 72796, unreported, at *4; State v.Blanton (June 1, 1998), Warren App. No. CA 97-12-125, unreported, at *1, affirmed (1998), 84 Ohio St.3d 37; State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported, at *3. Further, the Ohio Rules of Evidence do not strictly apply at the determination hearing and reliable hearsay may be relied upon by the trial court. State v. Cook (1998), 83 Ohio St.3d 404, 425.
In this case, the prosecutor testified that defendant was thirty-three years old at the time of the rape involving his stepdaughter. Defendant's current age is thirty-nine. The stepdaughter was less than thirteen years of age. The prosecutor then stated what was indicated in the victim's written statement. Her statement told that defendant had made her perform fellatio and touch his penis. She was told to go in her room and take off her pants. That defendant touched her in a certain way and made her feel like his girlfriend. They then would watch for her mom and she was told not to tell anyone. This sexual activity occurred on more than one occasion and over four months. The prosecutor also informed the court that defendant has prior convictions for driving under the influence and disorderly conduct.
Defendant testified as to his participation in the Monticello program. However, when the Parole Board gave him a "ten year flop" and he was moved from the Madison Correctional Institution, he was taken out of that program after having only completed the education portion. Defendant further stated that he has not taken any type of counseling or classes dealing with sex offenders while in prison at North Central Correctional Institution. Additionally, defendant told the court that while he has been incarcerated, he has been sober.
After reviewing the evidence in the record and noting the age of the victim and defendant's age, the nature of the sexual conduct as a part of a pattern of abuse, we are persuaded that the trial court had sufficient evidence before it to support its determination that defendant is a sexual predator. Accordingly, defendant's first assignment of error is overruled.
For his second assignment of error, defendant asserts:
 The trial court erred in not granting appellant's motion for appointment of an expert.
A few days prior to the scheduled determination hearing, defendant filed a motion for the appointment of a psychiatrist or psychologist "to assist the defense as an expert." In his motion, defendant also indicated that if the State's response is to introduce expert testimony, then due process and effective assistance of counsel require the "assistance of defense expert witnesses." As we recently recognized in State v. Collins (June 29, 1999), Union App. No. 14-99-05, unreported, at *2-3, R.C.2950.09 does not mandate the appointment of an expert for an indigent defendant, but instead abuse of discretion is the proper standard of review. See State v. Hurayt (Apr. 29, 1999), Cuyahoga App. No. 73156, unreported; State v. Russell, supra; State v.Woodburn (Mar. 23, 1999), Columbiana App. No. 98 CO 6, unreported. Relying on State v. Cook, supra, the court of appeals in Hurayt
reasoned that the trial court possesses discretion in determining whether expert services are reasonably necessary for the proper representation of a defendant. As noted by the court in Russell, the indigent defendant must show more than a mere possibility of assistance from an expert.
After review and pursuant to the foregoing authority, we conclude that the trial court did not abuse its discretion in this case. There is nothing in either the motion for a psychiatric/psychological expert or the transcript of the hearing to provide any indication of the factual basis or issues on which such an expert could help the defense. Moreover, the record discloses that the State called no expert witnesses at defendant's sexual predator determination hearing. Defendant's second assignment of error is overruled.
Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.